IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| 3FORM, INC., <br><br> Plaintiff, <br><br><br><br><br><br> vs. <br><br><br><br> SUNSET PLAZA, LLC, ELITE PROPERTY MANAGEMENT, LLC, and METRO PACIFIC DEV., INC., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT SUNSET PLAZA, LLC'S AND DEFENDANT ELITE PROPERTY MANAGEMENT, LLC'S MOTION TO TRANSFER VENUE TO CALIFORNIA AND PLAINTIFF 3FORM'S MOTION TO RECONSIDER <br><br><br><br> Case No. 2:10-CV-856 TS |

This matter is before the Court on (1) Defendant Sunset Plaza, LLC's and Defendant

Elite Property Management, LLC's (collectively "Defendants") Motion to Transfer Venue to

California,[1] and (2) Plaintiff 3form Inc.'s ("3form") Motion to Reconsider.[2]  For the reasons discussed below, the Court will deny both Motions.

## I.  BACKGROUND

Plaintiff 3form initially filed this action against Defendants in Utah State District Court. The case was subsequently removed to this Court on August 26, 2010, on diversity grounds. Plaintiff alleges that Defendants are in breach of contract because they have failed to pay for polycarbonate panels that were manufactured by Plaintiff in Utah and shipped to Defendants' construction site in California.

On October 4, 2010, approximately one month after this action was filed, Sunset commenced a suit against Plaintiff in the Superior Court for the State of California, County of Los Angeles, Central District ("the California case").  On December 6, 2010, Plaintiff removed the California case to the United States District Court for the Central District of California.  The parties agreed to a joint stipulation to stay the California case pending the resolution of Defendants' Motion to Dismiss, before this Court.  This Court denied Defendants' Motion to Dismiss on February 24, 2011.

Following this Court's denial of Defendants' Motion to Dismiss, litigation in the California case recommenced with Plaintiff filing a Motion to Dismiss, or in the Alternative, to Transfer Venue to Utah.  The California Court denied Plaintiff's Motion on May 10, 2011. Since that time, this case and the California case have been proceeding simultaneously.

---

[1] Docket No. 34.

[2] Docket No. 32.

II. DISCUSSION

A. MOTION TO TRANSFER VENUE

Defendants request that this Court transfer this action to the Central District of California. Defendants argue that the construction site is located in California, that many witnesses are located in California, and that it would be more convenient for this matter to proceed there. Plaintiff opposes Defendants' Motion.

A motion to transfer venue for forum non conveniens is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[3] "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue."[4]

In determining whether to transfer this matter, the Court must make two determinations. First, the Court must determine whether this action could have been brought in the proposed transferee district. There is no dispute that Plaintiff could have instigated this action in the Central District of California. Therefore, this first element has been met.

Second, the Court must consider whether the convenience of the parties and witnesses and the interests of justice are served by a transfer of this matter to another forum. This is an

---

[3] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[4] *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

individualized, case-by-case, determination.[5] The Court considers a number of factors in considering the convenience and fairness of transferring a matter, including:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[6]

The Court will consider those factors that are presented in this case.

1.  PLAINTIFF'S CHOICE OF FORUM

The Tenth Circuit has long held that "unless the evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed."[7] Thus, the Court must give great weight to Plaintiff's choice of forum.[8]

Here, Plaintiff is a Utah corporation and its headquarters and offices are located in Utah. Additionally, the contract at issue in this case included a forum selection clause that provided that "[a]ny legal disputes *shall* be resolved in Salt Lake County, State of Utah, and shall be

---

[5] *Chrysler Credit Corp.*, 928 F.2d at 1516 (citation omitted).

[6] *Id.* (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

[7] *Tex. Gulf Sulphur Co.*, 371 F.2d at 147.

[8] *KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998) ("The Court must normally give great weight to plaintiff's choice of forum.").

governed by Utah law."[9] Therefore, the Court finds that this factor weighs heavily against transferring the action to California.

    2.    WITNESSES AND PROOF

"The convenience of witnesses is *the most important factor* in deciding a motion under § 1404(a)."[10] To demonstrate inconvenience, the moving party must: (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses are unwilling to come to trial in the existing forum, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary.[11]

Defendants have identified witnesses and their locations, but have failed to indicate the quality or materiality of these witnesses' testimonies. Nor have Defendants offered any evidence that these witnesses are unable or unwilling to come to trial, that deposition testimony would be unsatisfactory, or that compulsory process would be necessary. Therefore, the Court finds that this factor weighs against transferring venue.

    3.    COSTS

Defendants argue that litigating this action in Utah will require both parties to spend far more than they would if the case were in California. However, there is no evidence to support this argument. Since this is a relatively simple breach of contract case, the costs associated with

---

[9] Docket No. 6, Ex. A, at 5 (emphasis added).

[10] *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169 (emphasis added) (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)) (internal quotation marks omitted).

[11] *Id.*

acquiring the necessary evidence will be minimal, and although Defendants argue that there are many relevant documents in the hands of many different parties in California, the Court sees no reason why transferring venue would lower the costs associated with acquiring these documents, since they will have to be acquired regardless of where this case is litigated. Therefore, the Court finds that the costs associated with acquiring the necessary proof will likely be similar no matter where this matter is litigated, and hence finds this factor to be neutral.

    4.      CONGESTED DOCKETS

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[12] According to the Federal Court Management Statistics released in September 2010, the differences in docket congestion between the U.S. District Courts in Central California and those in Utah appear to be negligible.[13] While the Central District of California does have a quicker median time from filing to disposition, and a quicker median time from filing to trial, the number of pending cases and average weighted filings per judge is about equal in both jurisdictions. Based on these statistics, there is nothing to suggest that the docket in the Central District of California is significantly less congested than the docket in Utah. Therefore, the Court finds that this factor is neutral.

---

[12] *Id.*

[13] *Federal Court Management Statistics 2010*, UNITED STATES COURTS, http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2010Sep.pl (accessed by selecting the desired jurisdiction from the drop-down list and then clicking "Generate").

5.       OTHER CONSIDERATIONS

As to this factor, Defendants argue that because the California case is being litigated simultaneously with this case, it is in the interests of justice and judicial economy that the two cases be handled in the Central District of California. While it certainly makes more sense for these two cases to be litigated together, this does not present a sufficient reason, on its own, to transfer the case to the Central District of California. As indicated earlier, it is the policy of the Tenth Circuit not to disturb the plaintiff's choice of forum "unless the evidence and the circumstances of the case are *strongly* in favor of the transfer."[14] When balanced with the other considerations discussed above, the mere fact that it would be more convenient for the Defendants to litigate this case in California does not provide this Court with sufficient reason to disturb the Plaintiff's choice of forum. Hence, while this factor does favor transfer, it does not provide enough weight to overcome the factors previously discussed, particularly the weight that this Court must give to the Plaintiff's choice of forum.

6.       REMAINING FACTORS

The remaining factors—questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; the possibility of the existence of questions arising in the area of conflict of laws; and the advantage of having a local court determine questions of local law—are not relevant here. A judgment from Utah will be just as enforceable as one from California. There are no identified advantages or obstacles to a fair trial

---

[14] *Tex. Gulf Sulphur Co.*, 371 F.2d at 147.

in this District. Finally, since this is a case centered on a breach of contract claim, there will be no questions arising concerning conflicts of law or local law.[15]

Based on all of the above, the Court finds that Defendants have not met their burden of establishing that the existing forum is inconvenient. At most, Defendants have shown that certain witnesses will have to travel interstate to participate in this litigation, and that there will be certain costs associated with that process. However, since the same can be said of nearly all litigation involving parties that are diverse, this case is not so unique as to provide a basis for transfer. The remaining factors considered above do not provide any more reason to transfer. Therefore, Defendants' Motion to Transfer Venue to California will be denied.

B.      PLAINTIFF'S MOTION TO RECONSIDER

Plaintiff's Motion to Reconsider asks this Court to reconsider its denial of Plaintiff's request for an order enjoining the California Court from proceeding with the California case. In its Memorandum Decision and Order Denying Without Prejudice Plaintiff's Motion for a TRO and Preliminary Injunction, this Court denied Plaintiff's Motion for a TRO and preliminary injunction because the California Court, at that time, could have either (a) stayed the California case, (b) dismissed the California case, or (c) transferred venue to Utah. This Court determined that because these options were still available to the California Court, Plaintiff could not show irreparable harm, and therefore issuing a preliminary injunction at that time was not justified.

---

[15] The fact that Defendants are unable to pursue their claim under the California Business and Professions Code, Section 7031(b) in Utah does not constitute a conflict between California and Utah law. Rather, it presents a forum selection issue and, as discussed above, under the Federal Rules of Civil Procedure, a plaintiff is afforded the opportunity to select the forum where his or her claims will be litigated, which is precisely what Plaintiff has done here, both in filing this lawsuit and in drafting the contract.

The California Court has since rejected all of the options mentioned above, and instead has decided to allow the litigation in the California case to proceed. For this reason, Plaintiff requests that the Court now grant it injunctive relief. However, because Plaintiff still cannot show irreparable harm, this Court will deny its Motion to Reconsider.

As noted by the Tenth Circuit, "every order short of a final decree is subject to reopening at the discretion of the district judge."[16] And although this inherent power to review is informed by the long-standing rule that an issue decided should remain decided, this "rule is a flexible one that allows courts to depart from erroneous prior rulings, as the underlying policy of the rule is one of efficiency, not restraint of judicial power."[17] Thus, at its discretion, this Court may revisit its previous ruling on Plaintiff's request for injunctive relief.

The elements a party must show to be entitled to a preliminary injunction are the same it must show for a TRO. Those elements are that:

> (1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.[18]

The Tenth Circuit has also stated unequivocally that "[i]t is . . . well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable

---

[16] *Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) (citation and internal quotation marks omitted).

[17] *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 823 (10th Cir. 2007) (citations omitted).

[18] *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006) (citations and quotation marks omitted).

by monetary damages."[19]  In its Motion, Plaintiff argues that being forced to defend itself in the California case will result in a waste of "time, energy, and other valuable resources."  However, other than the conclusory statement that "such injuries cannot be undone," Plaintiff has offered no evidence why any waste of its time, energy, or other valuable resources could not be offset by monetary damages.  Therefore, Plaintiff has failed to show that it would suffer irreparable injury if its request for a preliminary injunction is not granted, and the Court will deny its Motion to Reconsider.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Transfer Venue (Docket No. 34) is DENIED.  It is further

ORDERED that Plaintiff's Motion to Reconsider (Docket No. 32) is DENIED.

DATED   September 29, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[19] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted).